UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| YOEL WEISSHAUS,<br><br>                    *Plaintiff,*<br><br>     - against -<br><br>PORT AUTHORITY OF NEW YORK AND<br>NEW JERSEY, and TWO UNKNOWN<br>OFFICERS,<br><br>                  *Defendants.* | **Index:**   **21-2062**<br><br>**COMPLAINT** |

Plaintiff Yoel Weisshaus by his counsel Levi Huebner & Associates PC pleads against Defendants, Port Authority Of New York And New Jersey, and Two Unknown Officers, and states:

### JURISDICTIONAL and PARTIES ALLEGATIONS

1.      At all times material to this lawsuit, Plaintiff, Yoel Weisshaus ("Plaintiff") is domiciled in New Jersey.

2.      At all times material to this lawsuit, Port Authority Of New York And New Jersey, ("Port Authority" or "Defendants") operate in the State of New York under the color of state law as a government agency.

3.      At all times material to this lawsuit, Port Authority is a resident of Kings County.

4.      At all relevant times, Two Unknown Officers  ("Officers" or "Defendants") operated under the color of state law as employees of Port Authority.

5.      The acts necessary or precedent to bringing this lawsuit originated in New York.

6.    On June 7, 2019, Plaintiff filed a combined notice of tort claim - request for disclosure - and hold letter.

7.    This Court has jurisdiction.

## RELEVANT FACTS

8.    On January 16, 2019 at about 11:15 a.m., Officers fabricated a false charge accusing Plaintiff of driving 55 MPH in a 25 MPH construction zone ("fabricated charge").

9.    The fabricated charge occurred and was issued while the parties were physically located in Staten Island, NY.

10.    The fabricated charge was issued in the form of a complaint-summons No. 091-C-227717 to be answered in the Bayonne Municipal Court ("Bayonne Court").

11.    At all relevant times, Plaintiff was following the speed limit and there was no probable cause to prosecute him.

12.    Upon information and belief, Officers brought the fabricate charge against Plaintiff to meet a quota in issuing summonses. The basis for this belief is from statements made by the Port Authority.

13.    Upon information and belief, Officers by direction of the Port Authority brought the false charge to deprive Plaintiff from his activism involving his legal challenge to its toll prices imposed by the Port Authority; *Weisshaus v. Port Authority* SDNY 11-cv-6616. The basis for this belief is from an inference of events and statements made by the Port Authority.

14.    Upon information and belief, Officers brought the fabricated charge against Plaintiff in a concentrated effort to have Plaintiff's driver's license revoked or suspended. The basis for this belief is from statements the Port Authority has made against Plaintiff.

15.    Plaintiff was forced to take time off from work, appear at the Bayonne Court at four separate occasions.

16.    Plaintiff was forced to retain counsel to fight the fabricated charge.

17.    Plaintiff duly demanded discovery in the proceedings before the Bayonne Court.

18.    Defendants failed to substantiate their false charge in the Bayonne Court.

19.    Defendants did not produce any basis, let alone a colorable basis, to verify their basis for the false charge.

20.    The Port Authority maintained the fabricated charge against Plaintiff despite its knowledge of having no evidence to substantiate the fabricated charge.

21.    The Port Authority maintained the fabricated charge against Plaintiff in the hopes of profiteering from the revenues it collects through traffic violations.

22.    On April 16, 2019, the Bayonne Court entered an order dismissing the false charge.

## FIRST CLAIM FOR RELIEF

23.    Plaintiff incorporates herein all the allegations stated in paragraphs from 1 to 22, for relief against Defendants under 42 U.S.C. § 1983 and *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3rd Cir. 2014).

24.    At all relevant times, Officers did not have probable cause to prosecute Plaintiff for a violation N.J.S.A. 39:4-98.

25.    The proceeding against Plaintiff was terminated in Plaintiff's favor.

26.    At all relevant times, a "complaint and the summons" is prima facie evidence of "the time and place" of a violation under N.J.S.A. 39:4-98. *State v. Morgan*, 393 N.J. Super. 411, 416, 923 A.2d 359, 362 (App. Div. 2007).

27.    At all relevant times, Municipal Courts in the State of New Jersey treat a "complaint and the summons" as prima facie evidence of "the time and place" of a violation under N.J.S.A. 39:4-98.

28.    Defendants used the fabricated charge to create prima facie evidence under the color of law to deprive Plaintiff from the right to be free from a false charge.

29.    At all relevant times, Defendants deprived Plaintiff of the due process to be free from a fabricated charge.

30.    Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully asks the Court to enter judgment in Plaintiff's favor and award money damages, punitive damages, and attorney fees with legal costs as follows.

Dated: Brooklyn, New York
        April 15, 2021

Respectfully submitted,

Levi Huebner & Associates PC

By: /s/ Levi Huebner

488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tell: (212) 354-5555

*Attorneys for Plaintiff*