UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

YOEL WEISSHAUS,

                Plaintiff,                      1:21 cv 02062

                                                  (ENV) (SJB)

    ― against ―


THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, TWO UNKNOWN POLCE
OFFICERS,

                Defendants.

----------------------------------------------------------------X


**DEFENDANT, THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................................1

    Point I ......................................................................................................................1

    Plaintiff Has Failed To Show that He Has Properly Pled A Fabricated Evidence Claim Or That He Has The Facts To Do So

        A.   There Is No Deprivation Of Liberty Under the Fourth Or the Fourteenth Amendment ................................................................2

            1)  No Fourth Amendment Deprivation .............................................2

            2)  No Fourteenth Amendment Deprivation .......................................2

        B.   There Is No Jury To Be Influenced ......................................................4

        C.   The Fabricated Evidence Claim Has No Factual Basis .......................4

    Point II ....................................................................................................................4

    Plaintiff Should Not Be Permitted To Rely Upon Claims Not Stated In The Complaint

    Point III ...................................................................................................................5

    Plaintiff Fails To State A Claim Against The Port Authority Under *Monell* Even Assuming The Affirmation Is Considered by This Court

Conclusion .................................................................................................................8

## TABLE OF AUTHORITIES

### CASES

*Applewhite v. City of New York*,
2020 WL 4041445 (E.D.N.Y. 2020) ........................................................................................ 4

*Aschcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................................... 6

*Baker v. McCollan*,
443 U.S. 137, 90 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) .......................................................... 2

*Burg v. Gosselin*,
591 F. 3d 95 (2d Cir. 2010) ..................................................................................................... 2

*Capizzi v. Berkley Township*,
2013 WL 6389134 (N.J. Super. App. Div. Dec. 9, 2013) ....................................................... 3

*Cole v. Carson*,
802 F. 3d 752 (5th Cir. 2015) ............................................................................................... 2,3

*DeZaio v. The Port Authority*,
205 F. 3d 64 (2d Cir. 2000) ..................................................................................................... 7

*Faulkner v. Beer*,
463 F. 3d 130 (2d Cir. 2006) ................................................................................................... 4

*Harris v. Mills*,
572 F. 3d 66 (2d Cir. 2009) ..................................................................................................... 6

*Holden v. Port Authority of New York and New Jersey*,
521 F. Supp. 3d 415 (S.D.N.Y. 2021) ..................................................................................... 7

*Howell v. Port of New York Authority*,
34 F. Supp. 79, 80 (D.N.J. 1940) ............................................................................................ 7

*Hoyas v. City of New York*,
999 F. Supp. 2d 375 (E.D.N.Y. 2013) ..................................................................................... 1

*Jovanovic v. City of New York*,
486 F. App'x 149 (2d Cir. 2012) ............................................................................................. 1

*Lucente v. Int'l Bus. Machs. Corp.*,
310 F. 3d 243 (2d Cir. 2002) ................................................................................................... 6

*Mack v. The Port Authority*,
225 F. Supp. 2d 376 (S.D.N.Y. 2002) ............................................................................5

*McCarthy v. Dun & Bradstreet Corp.*,
482 F. 3d 184 (2d Cir. 2007) ..........................................................................................4

*Mendez v. City of New York*,
137 A.D. 3d 468, 27 N.Y.S. 3d 8 (1st Dept. 2016 ...........................................................3

*Miller v. Terrillion*,
436 F. Supp. 3d 598 (E.D.N.Y. 2020) ............................................................................1

*Monell v. The Department of Social Services*,
436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) ..................................................5

*Rivera-Powell v. New York City Bd. Of Elecs*.
470 F. 3d 458 (2d Cir. 2006) ..........................................................................................3

*State v. St. Clair*,
2010 WL 3516828 (N.J. Super. App. Div. Sept. 9, 2010) .............................................4

*Tanner v. Humphries*,
2019 WL 981863 (N.D.N.Y. January 3, 2019) ..............................................................2

## STATUTES

*N.J.S.A.* 39: 4-104 ................................................................................................................3

*N.J.S.A.* 32:1-1, et seq. ........................................................................................................6

*McKinney's N.Y. Unconsol. Laws* § 6401 et seq. ................................................................6

42 U.S.C. § 1983 ....................................................................................................................5

## RULES

Fed. R. Civ. P. 12 (b)(6) ........................................................................................................6

## PRELIMINARY STATEMENT

Since the only claim alleged in the complaint addressed in plaintiff's opposition papers is the claim for fabricated evidence, defendant is submitting its reply on that issue and assuming plaintiff is abandoning his retaliation claim. In addition, plaintiff raises an argument by means of an affirmation, and in his brief, not alleged in the complaint – namely, that the Port Authority had a financial interest in issuing tickets because it was a municipal entity within the New Jersey Municipal court system and received the proceeds from fines paid to the Bayonne Municipal traffic court. Defendant believes that these allegations are outside the scope of the complaint and should not be considered by this Court. However, in the event this Court treats this as a cross-motion to amend, defendant submits that these claims are patently lacking in any legal merit or factual support and should be rejected by the Court.

## POINT I

### PLAINTIFF HAS FAILED TO SHOW THAT HE HAS PROPERLY PLED A FABRICATED EVIDENCE CLAIM OR THAT HE HAS THE FACTS TO DO SO

As this Court recognized in *Miller v. Terrillion*, 436 F. Supp. 3d 598 (E.D.N.Y. 2020): [t]o prevail on a fair trial claim based on fabrication of evidence, a plaintiff must prove that "(i) an investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision (4) forwards that information to prosecutors and (5) the plaintiff suffers a deprivation of liberty as a result" citing *Hoyas v. City of New York*, 999 F. Supp. 2d 375, 392 (E.D.N.Y. 2013) quoting *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012).

### A. There Is No Deprivation Of Liberty Under The Fourth Or The Fourteenth Amendment

#### 1) No Fourth Amendment Deprivation

In *Burg v. Gosselin*, 591 F. 3d 95 (2d Cir. 2010), the Second Circuit clearly stated that "the issuance of a pre-arraignment; non-felony summons requiring a later court appearance does not constitute a Fourth Amendment seizure." *Id*. at 98.  Plaintiff alleges only that he was issued a speeding ticket and had to appear four times in court to get the ticket dismissed.  Clearly, there is no Fourth Amendment violation under *Burg*.

#### 2) No Fourteenth Amendment Deprivation

"The Fourteenth Amendment does not protect against all deprivations of liberty [:] [i]t protects only against deprivations of liberty accomplished 'without due process of law.' " *Baker v. McCollan*, 443 U.S. 137 at 145, 90 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).  In *Tanner v. Humphries* 6:16-cv-1131 (GTS )(TWD), 2019 WL 981863 (N.D.N.Y. January 3, 2019), the court dismissed the fabrication of evidence claim on the ground there was no deprivation of liberty, since the pretrial detention consisted only of a traffic stop and being brought to the police station, which occurred before the allegedly fabricated documents and testimony existed.  The Court in *Tanner* further ruled that it could "find no authority, controlling or otherwise, to suggest that the requirement to make court appearances or the loss of a driver's license constitutes a deprivation of liberty under the Due Process Clause of the Fourteenth Amendment." *Id*. at *19.

Plaintiff's argument that he was subjected to a constitutional deprivation of property under the Fourteenth Amendment because he paid legal fees and took time from work for a court appearance is without any legal support.  Plaintiff's reliance on *Cole v. Carson*, 802 F. 3d 752

(5th Cir. 2015) is misplaced since that case does not hold, as plaintiff asserts, that legal fees are a property interest under the Fourteenth Amendment.  Rather, the Fifth Circuit on *Cole*, held:

> We agree with the Second Circuit that official framing of a person in these circumstances undermine the right to a fair trial.  Being framed and falsely charged brings inevitable damage to the person's reputation, especially where, as here, the crime is a felony involving the threat of violence.  Alongside reputational damage, it requires the person framed to mount a defense, and places him in the power of a court of law, where he may be required to appear."  *Id*. at 772.

It is clear that *Cole* was addressing fabricated evidence that led to serious criminal charges with all those entail – including loss of liberty, and not a traffic summons, which almost always results in nothing more than a small fine and points on a person's license.

Moreover, the Second Circuit has stated that "[w]hen the state conduct is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy." *Rivera-Powell v. New York City Bd. Of Elecs*. 470 F. 3d 458, 465 (2d Cir. 2006).  Here, plaintiff had a tort remedy in New Jersey for malicious prosecution in which he could recover damages for his proven losses.  See *Capizzi v. Berkley Township*, 2013 WL 6389134 (N.J. Super. App. Div. Dec. 9, 2013).  Plaintiff had a similar tort remedy in New York. See *Mendez v. City of New York*, 137 A.D. 3d 468, 27 N.Y.S. 3d 8 (1st Dept. 2016.

Plaintiff's contention that he might have a loss of liberty had he failed to respond to the summons is sheer conjecture, and he cites to no instances where a speeding ticket, with no additional unlawful conduct would result in a loss of liberty.  Speculation such as this cannot support a claim for deprivation of liberty.

3

**B.     There Is No Jury To Be Influenced**

There is no right to a jury trial in New Jersey for offenses carrying a maximum penalty of less than 6 months in jail.  See *State v. St. Clair*, 2010 WL 3516828 (N.J. Super. App. Div. Sept. 9, 2010).  Under N.J. S.A. 39:4-104, the maximum penalty violating any section of the Article was $200.00 and/or imprisonment for a period not exceeding fifteen days.  Thus, the plaintiff cannot satisfy the element that the fabricated evidence be intended to influence a jury.

**C.     The Fabricated Evidence Has No Factual Basis**

Plaintiff's claim that the evidence was fabricated rests entirely upon his assertion that he was not speeding at the time of his arrest, and that the speeding ticket was ultimately dismissed.  He offers no facts other than this self-serving assertion to support a claim of fabrication.  A dispute between plaintiff and the arresting officer as to his rate of speed does not, without more, rise to the level of fabrication of evidence.  See *Applewhite v. City of New York*, 17 cv. 6870 (NGG) (SMG) 2020 WL 4041445 (E.D.N.Y. 2020) (held mere fact traffic court summons were dismissed without additional facts does not support conclusory allegations of fabricated evidence).

## POINT II

**PLAINTIFF SHOULD NOT BE PERMITTED TO RELY
UPON CLAIMS NOT STATED IN THE COMPLAINT**

When deciding a motion to dismiss, the Court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 191 (2d Cir. 2007); see *Faulkner v. Beer*, 463 F. 3d 130, 134 (2d Cir. 2006).  While this rule has been interpreted broadly to include documents attached to the

complaint, statements or documents incorporated by reference, any document upon which the complaint relies or anything of which judicial notice may be taken, it does not include a new document, such as the affirmation in opposition, dated November 1, 2021 submitted by plaintiff, Yoel Weisshaus. Plaintiff improperly seeks to amend the complaint with conclusory allegations about improper practices in the New Jersey Municipal Court System, involving the Port Authority. This document and any references to it in plaintiff's brief should be disregarded by the Court.

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE PORT AUTHORITY UNDER *MONELL* EVEN ASSUMING THE AFFIRMATION IS CONSIDERED BY THIS COURT

To establish municipal liability under *Monell v. The Department of Social Services*, 436 U.S. 658, 690-691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), based on acts of a public official under § 1983, plaintiff must show that (1) the actions were taken under the color of law; (2) there was a deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury. The Port Authority enjoys the same status as a municipality for the purposes of establishing liability under 42 U.S.C. § 1983, see *Mack v. The Port Authority*, 225 F. Supp. 2d 376, 382-383 (S.D.N.Y. 2002). The complaint fails to state a claim against the Port Authority not only because it fails to state a deprivation of a constitutional right, but because it fails to allege an unconstitutional custom or practice. Plaintiff's complaint does not allege any policy or practice by the Port Authority, except in the most oblique, conclusory and speculative terms. Plaintiff alleges in paragraph 12 of the Complaint that "[u]pon information and belief, officers brought the fabricate[d] charge against plaintiff to meet a quota in issuing summons. The basis for this belief is from statements made

5

by the Port Authority." Thereafter, in paragraph 21, plaintiff alleges "[t]he Port Authority maintained the fabricated charge against plaintiff in the hopes of profiteering from the revenues it collects through traffic violations." These threadbare and conclusory allegations do not meet the plausibility standard set forth in *Aschcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). There are no facts as to who made the hearsay statement about quotas or what exactly was said. It is not alleged that the two unknown officers made any statements. The allegations about "hope[d]" for revenues are equally vague, since there are no factual allegations in the complaint with respect to the Port Authority's relationship to the Bayonne Municipal Court.

     Plaintiff's attempt to add information through his affirmation, even if considered by this Court, should be rejected, because it fails to state a plausible claim for relief as required to survive a motion under Rule 12 (b)(6). See *Harris v. Mills*, 572 F. 3d 66, 71-72 (2d Cir. 2009). Plaintiff merely asserts paragraph 13 of his affirmation that the Port Authority is a municipality within the New Jersey Municipal court system without citing to any statutory or judicial authority to support this claim. See *Lucente v. Int'l Bus. Machs. Corp.*, 310 F. 3d 243, 258 (2d Cir. 2002) (held leave to amend should be denied when the amendment is futile and could not withstand a motion to dismiss under Fed. R. Civ. P. 12 (b)(6)). Plaintiff's assertions are flatly contradicted by statute. The Port Authority is a bi-state agency created by compact between the States of New York and New Jersey, see § *N.J.S.A*. 32:1-1, et seq.; *McKinney's N.Y. Unconsol. Laws* § 6401 *et seq*. Nowhere in the enabling legislation enacted by the States of New York and New Jersey is the Port Authority authorized to act as a municipality within the New Jersey Municipal Court System or to collect revenues from the municipal courts of New Jersey. It is well recognized that the Port Authority is a bi-state agency whose powers and duties must be set

6

forth in the legislation of both states. See *DeZaio v. The Port Authority*, 205 F. 3d 64,66 (2d Cir. 2000); *Howell v. Port of New York Authority*, 34 F. Supp. 79, 80 (D.N.J. 1940). Plaintiff's conclusory allegations that the Port Authority is part of a corrupt municipal court system whose purpose is to generate unlawful fines is patently frivolous and should be rejected by this Court. *Holden v. Port Authority of New York and New Jersey*, 521 F. Supp. 3d 415, 429 (S.D.N.Y. 2021) cited by plaintiff in his brief as supporting arrest quotas does not include any finding that there were arrest quotas at the Bus Terminal. That decision in *Holden* granting in part of denying in part defendants' motion for summary judgment merely held that there was a question of fact as to whether there was a pattern of arresting gay/bisexual non-conforming men in the bus terminal restrooms on grounds of public lewdness.

While plaintiff argues that he has been unable to learn the identity of the arresting officers, he does not show how their names would alter the allegations` in the complaint as to his cause of action for fabricated evidence. It is undisputed that the factual basis of this case is issuance of a speeding ticket to plaintiff by Port Authority Police, which he alleges was dismissed by the Bayonne Municipal Court after he appeared there on four occasions. Plaintiff has not pointed to any evidence that he needs from discovery that would change the factual underpinnings of his claim. There is no case law that even suggests that this conduct gives rise to a constitutional deprivation of liberty. Moreover, plaintiff has not and cannot plead a custom or practice of unlawful conduct by the Port Authority based on the issuance of a speeding ticket.

## CONCLUSION

The Complaint should be dismissed with prejudice.

Dated: New York, New York
       November 17 , 2021

                    Respectfully submitted,

                    The Port Authority of New York and New Jersey
                    Law Department
                    *Attorney for Defendant*
                    The Port Authority of New York and New Jersey

                  By: /s/ Kathleen Gill Miller
                    Kathleen Gill Miller
                    4 World Trade Center/150 Greenwich Street
                    24 Fl.
                    New York, New York 10007
                    Telephone No.: (212) 435-3434

To:    Levi Huebner & Associates
        Attorneys for Plaintiff
        488 Empire Blvd., Suite 100
        Brooklyn, NY  11225
        VIA Federal Express
            and
        Via email: newyorklawyer@msn.com