# LEVI HUEBNER & ASSOCIATES, PC

### ATTORNEYS AND COUNSELORS AT LAW

488 EMPIRE BOULEVARD, SUITE 100
BROOKLYN, NY 11225
TEL: (212) 354-5555
FAX: (718) 636-4444

EMAIL: NEWYORKLAWYER@MSN.COM

October 28, 2022

Honorable Magistrate Judge Bulsara
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Weisshaus v. The Port Authority, et al. Case No.: 1:21-cv-02062-ENV-SJB**

Honorable Magistrate Judge Bulsara:

This firm represents the Plaintiff, Yoel Weisshaus.

On October 12, 2022, an in-person status conference was held before Your Honor, wherein, in part, Your Honor directed that "Plaintiff shall file a letter motion seeking leave to file and amended complaint by 10/28/22."

Pursuant to the forgoing Order of Your Honor, Plaintiff respectfully requests leave to file the attached amended complaint and to serve the Port Authority's counsel in lieu of serving Thomas P. Johnson. Attached as **Exhibit A** is a true copy of the proposed amended complaint.

### Procedural History

On June 7, 2019, Plaintiff served a notice of claim of the Port Authority. The notice requested pursuant to CPLR 1024 and N.J. Ct. R. R. 4:26-4 the legal names of the officers that were involved with the conduct described in the complaint. Attached as **Exhibit B** is a true copy of the notice of claim.

The Port Authority never responded to the notice of claim nor did the Port Authority disclose the names of the officers involved. As a direct result, on April 15, 2021, Plaintiff filed the complaint against Two Unknown Officers as the pseudonym. On June 28, 2021, the summons and complaint were served by substitute service on Noel Stevenson. (ECF 14).

On February 4, 2022, the Court held a conference and reviewed a discovery plan provided by the parties.

On February 8, 2022, the Court issued an electronic Order "As discussed on the record the Courts adopt the parties' proposed rule 26(f) report with the exception of the proposed settlement conference.  Deadlines set based on parties' submitted joint rule 26(f) report and are as follow: Completion of all fact discovery 9/12/2022; the last date to take the first step in dispositive motion practice shall be 10/20/2022. An in person status conference will be held on 9/14/2022 at 11:00 A.M. in Courtroom 324N before Magistrate Judge Sanket J. Bulsara."

The Court's electronic Order modified the 26(f) report by removing the deadline to amend or add parties and modified the deadline to file dispositive motions from November 9, 2022 to October 20, 2022.

On February 16, 2022, the Port Authority only disclosed the name of one of the officers as Thomas Johnson, without disclosing his address, station, or precinct. The Port Authority did not disclose the name and address of the second officer. Moreover, the Port Authority did not disclose whether officer Thomas Johnson was the officer who completed the illegal stop and issued the improper summons. Therefore, leaving Plaintiff in the dark as to the identity of the true additional individual officer identified in the complaint as the wrongdoer.

On February 16, 2022, Plaintiff wrote to the Port Authority requesting a copy of the back of the Summons, the identity of the second officer, a copy of the officer's memo book, the video from their body cameras or vehicle. No response was received.

On March 3, 2022, Plaintiff sent a reminder to the Port Authority requesting the identity of the second officer. No response was received.

On May 12, 2022, Plaintiff issued deposition demands scheduling the deposition of the deposition of officer Thomas Johnson. However, the Port Authority adjourned the deposition of officer Thomas Johnson to July 7, 2022.

On July 7, 2022, the Plaintiff deposed Thomas Johnson.  At the deposition Plaintiff asked for his address and the name of the other officer that accompanied on January 16, 2019. Officer Johnson disclaimed having a record or recollection of who accompanied him that day. Officer Johnson also acknowledged that he is the one who wrote the summons, at issue.

Meanwhile, officer Thomas Johnson stated that he is retiring from the Port Authority and refused to provide any answers as to his home address.  The Court considered the issue and entered an order:

> ORDER: The parties have called the Court regarding a deposition dispute during the deposition of Sgt. Connor Johnston of the Port Authority. The witness was asked to provide his home address, ostensibly because he is retiring shortly, and the witness was directed not to answer. Counsel for Defendant, having directed the witness not to answer, must provide contact information to Plaintiff's counsel immediately upon his retirement, so that the witness may be served with any additional necessary process (such as a trial subpoena) that may follow in this case. And should counsel for the Port Authority represent the witness going forward (as she has done at the deposition) she must accept service of any such subpoena. The parties are instructed to proceed with the deposition. The Court

observes that this kind of dispute is not one that should have necessitated a call to the Court, and the Court expects the parties to work cooperatively and resolves basic issues such as this without Court intervention. The call to the Court and the request for court intervention on this issue violates the spirit, if not the letter, of Local Rule 26.4(a).

On September 13, 2022, the Port Authority purportedly provided a partial address for Officer Johnson, as "906 *th St. Union Beach, New Jersey 07735" which failed to identify the street name. The next day, Plaintiff contacted the Port Authority to inquire of Officer Johnson's proper street address. However, to date no response has been received.

### **Basis to Amend the Complaint**

The Federal Rules of Civil Procedure provide that an amendment to a pleading relates back to the date of the original pleading if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). As New York state law provides the applicable statute of limitations for § 1983 claims, it also provides the rules for relation back. Accordingly, an amended complaint with new defendants can relate back to the date of filing the initial complaint when: (1) both claims arise out of the same conduct, transaction or occurrence, (2) the new party shares a unity of interest with the original defendant and should therefore have been on notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits, and (3) the new party knew, or should have known, that but for mistaken identity regarding the proper defendants, the action would have been brought against them. *Maritza Idiakheua, Plaintiff, v. New York State Department of Corrections and Community Supervision, et al., Defendants. Additional Party Names: Andrew C. Urb., Chesney J. Baker, New York State Off. of Mental Health, Peter M. Horan, Rene Yee-Foon, Robert Morton, Ryan Lahey*, No. 20CV4169NGGSJB, 2022 WL 10604355, at *6 (E.D.N.Y. Oct. 18, 2022).

Under New York Law, where a complaint identifies John Doe defendants, N.Y. C.P.L.R. § 1024 provides the mechanism for relation back. A plaintiff's failure to name defendants specifically and corresponding choice to use a Doe pseudonym may constitute mistaken identity under the *Buran* test so long as the plaintiff exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name and described the John Doe party in such form as will fairly apprise the party that he is the intended defendant. *Maritza Idiakheua, Plaintiff, v. New York State Department of Corrections and Community Supervision, et al., Defendants. Additional Party Names: Andrew C. Urb., Chesney J. Baker, New York State Off. of Mental Health, Peter M. Horan, Rene Yee-Foon, Robert Morton, Ryan Lahey*, No. 20CV4169NGGSJB, 2022 WL 10604355, at *7 (E.D.N.Y. Oct. 18, 2022).

Here all the factors are met to grant amending the complaint. The amended complaint arises out of the same conduct, transaction or occurrence of the original complaint, filed timely. Officer Johnson was previously identified under a pseudonym of Two Unknown Officers and shares a unity of interest to whom the complaint was lodged against as being the same defendant. Plaintiff served the Two Unknown Officers through substitute service. Officer Johnson knew, or should have known, that he is the subject of this lawsuit, by virtue that substitute service was made on the

Port Authority Police Headquarters. In particular, Plaintiff exercised due diligence with his notice of claim requesting the names of the Two Unknown Officers. It was for Defendants failure to identify Officer Johnson timely that prevented Plaintiff from naming him under his actual name when the action was filed.

Even now, as it comes to amending the complaint, Plaintiff still does not have the actual address of Officer Johnson. In Plaintiff's personal experience, engaging the Port Authority with discovery disclosures is like pulling teeth.[1] Plaintiff tried to minimize the discovery wrangle by leaving it for the deposition of Officer Johnson to ask for his identity and address. As noted, "The Court observes that this kind of dispute is not one that should have necessitated a call to the Court, and the Court expects the parties to work cooperatively and resolves basic issues such as this without Court intervention." Yet, Plaintiff still did not receive a complete answer as to Officer Johnson's address.

Defendant cannot show that it timely complied with Plaintiff's request pursuant to CPLR 1024 and N.J. Ct. R. R. 4:26-4. Plaintiff had no choice but to file the complaint under a pseudonym. Discovery revealed the name of the officer involved and ultimately after the deposition held on July 7, 2022 that officer Thomas Johnson is the proper party to be added to the amended complaint.

It is respectfully requested that Your Honor grant Plaintiff leave to file the proposed amended complaint.

Respectfully submitted,

/ s / Levi Huebner

Levi Huebner

---

[1] *Weisshaus v. Port Authority* SDNY 11-6616-cv.