**THE PORT AUTHORITY** OF NY & NJ

**Law Department**

4 World Trade Center
150 Greenwich Street
New York, NY 10007

November 9, 2022

**VIA ECF**

Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11208

Re: *Weisshaus v. The Port Authority of New York & New Jersey and Two Unknown Police Officers*
1:21 cv 2062 (ENV) )SJB)

Dear Judge Bulsara:

**A) Preliminary Statement**

The Port Authority of New York and New Jersey (the "Port Authority") respectfully submits this letter brief in opposition to Plaintiff's motion to amend the complaint to add retired Port Authority Police Sergeant, Thomas P. Johnson, as a named defendant. This case purports to be a civil rights action arising out of a summons issued to Plaintiff for speeding on January 16, 2019. Plaintiff claims the speeding ticket, which was ultimately dismissed by the Bayonne Municipal Court, was based upon fabricated evidence. While it is undisputed that then Sgt. Thomas P. Johnson was the officer who issued the summons, the motion should be denied on the grounds that the application has been made after undue and inexcusable delay by Plaintiff, and because it is in contravention of this Court's scheduling order.

**B) The Applicable Legal Standard Disfavors Amendment After Undue Delay, Where There Is No Excuse For the Delay And Where The Amendment Is Untimely Pursuant To The Scheduling Order**

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." "Liberal amendment promotes judicial economy by making it possible to dispose of all contentions between the parties in one lawsuit." Fed. R. Civ. P. 15 (a)(2), *Bilt-Rite Buck Steel Corp. v. Duncan's Welding & Corr. Equip. Inc.*, No. 90-cv-311 (TC) (JLC), 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990). The decision to grant or deny

1

THE PORT AUTHORITY OF NY & NJ

leave under Rule 15 (a)(2) is within the sound discretion of the court. See *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). A court may deny leave to amend where there is "good reason," which the Supreme Court has recognized can be based on any one of the following factors: 1) undue delay; 2) bad faith; 3) futility of amendment; or 4) undue prejudice to the opposing party. See *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 200 (2d Cir. 2007), *citing Foman v. Davis*, 37 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Since the amendment here, seeks to add a party, it involves Fed. R. Civ. P. 21, although the "showing of necessity under Rule 21 is the same as required under Rule 15(a)." *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012); see also *Chan v. City of New York* No. 19 cv. 7239 (RPK) (SJB) 2021 WL 6502292 *4 (E.D.N.Y. December 19, 2021).

Fed. R. Civ. P. 16(b) provides that scheduling orders "must limit the time to join other parties, amend the pleadings…" Fed. R. Civ. P.16(b)(3)(A). A scheduling order may only be modified for "good cause". Fed. R. Civ. P. 16(b)(4). In *Parker v. Columbia Pictures,* 204 F. 3d 326 (2d Cir. 2000), the Second Circuit affirmed the denial of leave to amend stating:

> We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of "good cause" depends on the diligence of the moving party. See *In re Milk Prods.*, 195 F. 3d [430] at 437 [8th Cir. 1999] (finding no good cause where dismissal of the first complaint "should have alerted plaintiffs" to inadequacies in the second complaint); *Sosa [v. Airprint Systems]*, 133 F. 3d [417] at 419 [11th Cir. 1998] (finding no good cause where party failed to discover necessary information and was on notice in advance of the deadline that her complaint was inadequate); *Johnson [v. Mammoth Recreations, Inc.*], 975 F. 2d [604] at 609 [9th Cir. 1992] (refusing to find good cause under Rule 16(a) where party received notice long in advance of the deadline that the complaint did not name all necessary parties). *Id*. at 340

The Second Circuit in *Grochowski v. Phoenix Construction*, 318 F. 3d 80 (2nd Cir. 2003), again affirmed the denial of leave to amend because the plaintiff missed the deadline in the scheduling order, and had delayed more than a year after the court decision upon which plaintiff based its move to amend. The Court reiterated that "a finding of good cause [under Rule 16(b)] depends on the diligence of the moving party" *Id*. at 86. It is now widely recognized that the motion to amend should be denied where

the movant has known of "the factual underpinning of potential claims ... since the outset of this litigation.' " *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp 3d 350 at 359 (S.D.N.Y. 2020) quoting *City of Washington v. City of Warren & Washington Indus. Dev. Agency*, 2 F. App'd 71, 75 (2d Cir. 2001); *accord. Ramirez v. M.L. Restaurant Corp.*, No. 14-cv-4030 (VEC) 2015 WL 12564227, at *1 (S.D.N.Y. March 13, 2015). ("This is not a case where plaintiff learned about the putative employer status of the additional parties through discovery after the expiration of the scheduling order deadline.") See also *Augustine v. AXA Fin., Inc.*, No. 07-cv-8362 (RWS), 2008 WL 5025017, at *6 (S.D.N.Y. Nov. 14, 2008) (denying plaintiff's motion to amend to add new employer defendant where plaintiff "had sufficient information to assert claims against the proposed individual defendants well in advance of the deadline to amend the Complaint").

### C) The Scheduling Order Provided That The Deadline To Amend Was April 27, 2022

The Rule 26 (f) Report submitted by Plaintiff on behalf of both parties provided that the deadline for amendment "to join additional parties" was "04/27/2022)," (Rule 26(f) Report, p. 2 ¶ 2, Ex. A hereto, (docket #35). On February 4, 2022, this Court held a scheduling conference, and, as reflected in docket Minute Entry for those proceeding, the "Court[s] adopt[s] the parties proposed rule 26(f) report with the exception of the proposed settlement conference." The Minutes entry reiterated the Rule 26(f) discovery deadline of 9/12/2022, and based on that date, set a deadline for the first step of dispositive motion practice of 10/20/22 as well as a date for a conference to be held on 9/14/2022. (A copy of the docket for entry #35 is annexed hereto as Exhibit B). Nowhere did this Court, as Plaintiff incorrectly asserts in his letter of motion of October 28, 2022, modify "the 26(f) report by removing the deadline to amend or add parties." (See Plaintiff's letter of October 20, 2022, p. 2, ¶ 2).

### D) Plaintiff Has Known That Thomas Johnson Was The Officer Issuing The Summons From The Outset Of This Litigation

Plaintiff admits in his letter of October 28, 2022 that on February 16, 2022, the Port Authority served its Rule 26 identifying Thomas Johnson as the police officer (See letter of October 28, 2022, p. 2, ¶ 3). However, contrary to Plaintiff's assertion, that the Port Authority did not identify Johnson as the officer issuing the summons, the Port Authority's Rule 26 states: "Sgt. Thomas Johnson is the police officer who issued the summons to plaintiff." (A copy of the Rule 26 Voluntary Disclosure is annexed hereto as Exhibit C.) There was no second officer involved in Plaintiff's motor vehicle speeding violation.

On May 12, 2022, Plaintiff served a notice of deposition for Sgt. Johnson for June 13, 2022. (A copy of the notice of deposition is annexed hereto as Exhibit D.) The deposition had to be adjourned because Sgt. Johnson had Covid, but new dates of June 27-29 and July 5, 6, 8 and 12th were promptly offered to Plaintiff. (A copy of the letter of June 23, 2022, annexed hereto as Exhibit E.) The deposition was held on July 7, 2022. Sgt. Johnson testified at his deposition that he was working alone and issued a speeding

**THE PORT AUTHORITY** OF NY & NJ

ticket to Mr. Weisshaus for driving 45 mph. in a construction zone where the posted limit was 25 mph. (A copy of excerpts from the transcript of Sgt. Johnson, pp. 1-3, 8-9, 31-34, 41-50 is annexed hereto as Exhibit F.) Sgt. Johnson also testified that he was about to retire (Exhibit F, pp. 1-3, 8-9). Upon his retirement, the Port Authority provided his last known residence to Plaintiff (a copy of the email of September 13, 2022 is annexed hereto as Exhibit G). Although there is a typo in the email and an "*" appears instead of the number "8", Plaintiff failed to call this to the Port Authority's attention or request a corrected address.

Plaintiff has known from February 16, 2022 that Sgt. Thomas Johnson was the officer who issued the summons. Throughout the litigation and well before the date the time to amend expired, he has had sufficient factual information to amend the pleadings to name Sgt. Johnson. The claim that he only obtained this information during the last moments of discovery is flatly contradicted by the records.

Plaintiff has failed to show a "good reason" why he should be permitted to apply to this Court six months after the deadline in the scheduling order to amend the complaint to add a new party. Plaintiff has not only disregarded the scheduling order without justification, he has allowed the statute of limitations against Thomas Johnson to expire and now belatedly seeks to avail himself of the relation back doctrine. Thomas Johnson would be prejudiced if the Court allows the untimely amendment. This is particularly true since Plaintiff now seeks punitive damages in the amended complaint, which he cannot obtain against the Port Authority, but can obtain against Johnson. In addition, there will be delay, since Johnson must obtain representation. Because he is not indemnified for punitive damages by the Port Authority, Johnson may choose counsel outside the Port Authority Law Department. Under the well recognized legal standards in this jurisdiction, Plaintiff's application should be denied.

Respectfully submitted,

*Kathleen Gill Miller*

Kathleen Gill Miller

KGM:kc

To:   Levi Huebner, Esq.
      Levi Huebner & Associates, PC
      Attorney for Plaintiff
      488 Empire Boulevard, Suite 100
      Brooklyn, New York 11225
      Via ECF