UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YOEL WEISSHAUS,

Plaintiff,

- against -

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, TWO UNKNOWN OFFICERS,

Defendants.
-----------------------------------------------------------x

**ORDER**
21-CV-2062-ENV-SJB

**BULSARA, United States Magistrate Judge:**

Plaintiff Yoel Weisshaus ("Weisshaus") seeks leave to file an amended complaint that adds new factual allegations and one additional defendant, and also seeks to interpose a jury demand. For the reasons stated below, the motion to amend is granted in part and denied in part.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Weisshaus first commenced this action on April 15, 2021 against the Port Authority of New York and New Jersey (the "Port Authority") and two unknown officers (together, "Defendants"), alleging civil rights violations under 42 U.S.C. § 1983. (Compl., Dkt. No. 1). He alleges that, on January 16, 2019, the officers falsely accused him of driving 55 miles per hour in a construction zone with a maximum speed limit of 25 miles per hour. (*Id.* ¶ 8). Weisshaus maintains that he was following the speed limit and there was no probable cause to prosecute him. (*Id.* ¶ 11). He alleges officers brought a fabricated charge "in a concentrated effort to have [his] driver's license revoked or suspended," for two primary reasons: (1) to meet a quota in using summonses; and (2) to prevent him from litigating a claim challenging the toll prices

imposed by the Port Authority in a separate, pending civil action. (*Id.* ¶¶ 12–14). As a result of the allegedly fabricated speeding charge, Weisshaus was directed to appear in Bayonne Municipal Court in New Jersey. (*Id.* ¶ 10). Defendants failed to substantiate the charge, and it was subsequently dismissed on April 16, 2019. (*Id.* ¶¶ 18, 22).

The original Complaint asserts one cause of action against Defendants under § 1983 for depriving "Plaintiff of the due process to be free from a fabricated charge." (Compl. ¶¶ 23–30).

On July 20, 2021, the Port Authority filed a motion to dismiss without seeking leave. (Mot. to Dismiss, Dkt. No. 12). The motion was denied for failure to follow the District Judge's Individual Rules. (Order dated July 30, 2021). The Port Authority thereafter sought a pre-motion conference with Judge Vitaliano, (Mot. for Pre-Mot. Conference dated Aug. 5, 2021, Dkt. No. 16), and a fully-briefed motion to dismiss was filed on November 17, 2021. (Dkt. Nos. 27–33).[1]

The Court held an initial conference on February 4, 2022 and entered a Rule 16 scheduling order based on the parties' proposed discovery plan. (Min. Entry dated Feb. 4, 2022). The deadline for the parties to amend the pleadings to add claims or join parties was set as April 27, 2022. (*Id.*; Report of Rule 26(f) Planning Meeting dated Feb. 1, 2022 ("Rule 26(f) Report"), Dkt. No. 35 at 2). In addition, the close of fact discovery was set as September 12, 2022, and the last date to take the first step in dispositive

[1] On August 12, 2021, Weisshaus sought a certificate of default against the two unknown, unnamed Port Authority officers. (Req. for Certificate of Default, Dkt. No. 17). The Court denied the request, because a case may not proceed to judgment against "John Doe" defendants who have not been properly served. (Order dated Sept. 21, 2021).

motion practice was October 20, 2022. (Min. Entry dated Feb. 4, 2022). The parties did not seek an extension of these deadlines.

At a status conference on October 12, 2022, Weisshaus expressed an intention to amend his Complaint, and the Court set a briefing schedule. (Min. Entry & Order dated Oct. 12, 2022). The Court also denied the Port Authority's pending motion to dismiss without prejudice in light of anticipated summary judgment motion practice. (*Id.*).

Pursuant to the Court-ordered briefing schedule, the present motion to amend was filed on October 28, 2022. (Mot. to Amend, Dkt. No. 38). Based on information allegedly gathered in discovery, Weisshaus seeks to substitute Thomas Johnson ("Johnson") for the "Two Unknown Officers."[2] Weisshaus alleges Johnson—"a sworn police officer with the Port Authority Police"—executed the traffic stop and "issued the fabricated charge in the form of a complaint and summons." (Proposed Am. Compl., attached as Ex. A to Mot. to Amend, ¶¶ 8–9, 12). The proposed Amended Complaint includes new factual allegations in support of a claim for monetary damages against Johnson and the Port Authority under § 1983. (*See id.* ¶¶ 26, 28–31, 35–64). In addition, the Prayer for Relief includes a demand for a jury trial. (*Id.* at 9). The Port Authority timely filed an opposition to the motion on November 9, 2022. (Mem. in Opp'n).

[2] Discovery revealed that there was no second officer involved in the traffic stop, and Johnson was working alone. (Resp. in Opp'n to Mot. to Amend ("Mem. in Opp'n"), Dkt. No. 39 at 3; Dep. Test. of Thomas Johnson dated July 7, 2022, attached as Ex. F to Mem. in Opp'n, at 49:17–19 (Q: "Besides yourself, was anybody else with you that day?" A: "No.")).

DISCUSSION

"The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021).

Weisshaus's motion is untimely under the Court's Rule 16 scheduling order. Rule 16 requires the Court to issue a scheduling order early in the case, which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000) (quotations omitted). "Where, as here, a scheduling order governs amendments to the complaint, the Second Circuit has held that the lenient standard under Rule 15(a) or Rule 21 must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016) (citing *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009)); *see also* Fed. R. Civ. P. 16(b). In other words, "the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15." 6A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 1522.2 (3d ed. 2021) (hereinafter Wright & Miller et al.). "It is still possible for the plaintiff to amend the complaint after such a [scheduling order] deadline, but the plaintiff may do so only [upon] a showing of the

'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Sacerdote*, 9 F.4th at 115. "Under Rule 16(b) . . . the mere absence of prejudice, bad faith, futility, or similar factors is not sufficient to constitute good cause." *CSX Transp., Inc. v. Emjay Env't Recycling, Ltd.*, No. 12-CV-1865, 2013 WL 12329546, at *2 (E.D.N.Y. Sept. 18, 2013) (quotations omitted).

The deadline to amend the pleadings to add claims or join additional parties was April 27, 2022. Yet Weisshaus argues in his moving papers that no such deadline was set. (Mot. to Amend at 2 ("The Court's electronic Order [dated February 4, 2022] modified the 26(f) report by removing the deadline to amend or add parties[.]")). This is incorrect. At the initial conference, the Court adopted the parties' proposed discovery schedule—which lists April 27, 2022 as the deadline to amend the pleadings. (Tr. dated Feb. 4, 2022 ("Feb. 4 Tr."), Dkt. No. 40 at 10:6–14 ("I'm not scheduling the settlement conference . . . . [O]therwise, the schedule looks fine to me in terms of length. [S]o I'll adopt it with the exception of the settlement conference."); Min. Entry dated Feb. 4, 2022).

And the minute entry stated that an initial conference was held, and reiterated, "[a]s discussed on the record," the Court "adopt[s] the parties' proposed rule 26(f) report with the exception of the proposed settlement conference." (Min. Entry dated Feb. 4, 2022). It further set forth the most significant—but not all—discovery deadlines. Specifically, the Order stated that "[d]eadlines [are] set based on parties' submitted joint rule 26(f) report and are as follow[s]," and proceeded to recount two deadlines: the close of fact discovery and the last date to take the first step in dispositive motion practice. (*Id.*). But those were not the only deadlines, since the discovery plan includes several more, namely the date for completion of automatic disclosures under Rule 26(a)(1) and

the time for amendment of pleadings. (Rule 26(f) Report at 1–2). The Court's practice is not to repeat every deadline contained in the Rule 26(f) report. To argue now that there was no deadline to amend pleadings is to ignore the proposed schedule, what was discussed at the conference itself, and the text of the minute entry which incorporates the entire proposed schedule itself.

The first time Weisshaus expressed to the Court an intention to amend his Complaint was on October 12, 2022, several months after the deadline to amend had passed, one month after the completion of discovery, and mere days before the parties were to commence summary judgment motion practice.

The consequence for failing to file before the Rule 16 deadline is that, absent good cause, the addition of new parties is precluded.[3] "Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it has been diligent in its effort to meet the Court's deadlines." *CSX Transp., Inc.*, 2013 WL 12329546, at *3. "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quotations omitted). And "[g]ood cause requires a showing that the delay 'stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order.'" *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692, 2019 WL 3767536,

---

[3] Nor was the Rule 16 deadline "removed" by the Court's setting a deadline to file the present motion to amend. Indeed, at the October 12 conference, the Court made plain that Weisshaus had to explain why amendment was proper in light of the passage of the Rule 16 deadline. (Tr. dated Oct. 12, 2022 ("Oct. 12 Tr."), Dkt. No. 41 at 3:12–13, 4:3–8).

at *3 (E.D.N.Y. Aug. 9, 2019) (quoting *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 347 (E.D.N.Y. 2013)). To that end, "the good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Enzymotec*, 754 F. Supp. 2d at 536 (quotations omitted).

Weisshaus's motion fails to address Rule 16 or the "good cause" standard. (*See* Mot. to Amend). This is despite the fact that the Court, when setting the briefing schedule, advised his counsel that Rule 16 was at play. (Oct. 12 Tr. at 4:3–8 ("[T]here are two deadlines that are relevant here . . . . There's the Rule 16 deadline as well as Rule 15. And so, leave is not freely granted . . . [if] you blow through the Rule 16 scheduling deadline and particularly after discovery has closed.")). Weisshaus's motion presents arguments about why the claim against Johnson relates back to the date of the original Complaint under Rule 15. But Rule 16's "standards may not be short-circuited by an appeal to those of Rule 15." *Parker*, 204 F.3d at 340 (citation omitted).[4]

In an attempt to justify amendment, Weisshaus contends that the Port Authority failed to turn over discovery in a timely fashion. (Mot. to Amend at 2–3). Weisshaus first made this argument—that the facts in support of his amendment were not made

[4] And the naming of "John Doe" defendants (or here "Two Unknown Officers") does not save a failure to amend before the Rule 16 deadline. *Tardif v. City of New York*, No. 13-CV-4056, 2016 WL 2343861, at *3 (S.D.N.Y. May 3, 2016) ("[R]eplacing a 'John Doe' with a named party in effect constitutes a change in the party sued. Courts therefore routinely hold that such requests are subject to the applicable deadline for joining new parties in a scheduling order, and analyze requests that come after the relevant deadline under the good cause standard of Rule 16." (citing *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993))); *e.g.*, *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (affirming district court denial of plaintiffs' motion to substitute names of police officers for John Does where motion was filed after Rule 16 deadline).

available prior to the close of discovery—at the October 12 status conference. (Oct. 12 Tr. at 4:20–25 ("[T]he Port Authority . . . was not giving us the information about who one of the officers were . . . . I really don't know how we could have gotten it before we had the discovery completed[.]" (Huebner, L.))). It has no merit.

"Courts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate." *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016) (collecting cases). But "[t]he Court must also examine whether Plaintiff had notice of, or was diligent in discovering, the alleged new facts." *Rococo Assocs., Inc. v. Award Packaging Corp.*, No. 06-CV-0975, 2007 WL 2026819, at *3 (E.D.N.Y. July 9, 2007) (adopting report and recommendation).

Weisshaus provides little to no detail about when he learned the information necessary to add Johnson as a party. He states the Port Authority disclosed Johnson as one of the two unknown officers on February 16, 2022, but not whether Johnson completed the illegal stop and issued the improper summons. (Mot. to Amend at 2). That assertion is flatly contradicted by documents. The Port Authority's initial disclosure dated February 16, 2022 establishes that "Sgt. Thomas Johnson is the police officer who issued the summons to plaintiff." (Port Authority's Rule 26 Voluntary Disclosure dated Feb. 16, 2022, attached as Ex. C to Mem. in Opp'n, at 1).

Further, by counsel's own admission, "[d]iscovery revealed the name of the officer involved and ultimately after the deposition held on July 7, 2022 that officer Thomas Johnson is the proper party to be added to the amended complaint." (Mot. to Amend at 4; *see also id.* at 2 ("On July 7, 2022, the Plaintiff deposed Thomas Johnson.

Officer Johnson also acknowledged that he is the one who wrote the summons, at issue.")). Thus, at the latest, counsel had access to the necessary information regarding Johnson starting in July; but, the first time that amendment was sought was on October 12, 2022—months after Johnson's deposition. The motion to amend fails to address what occurred between July and October or why Weisshaus waited until one month after the close of fact discovery to bring his motion. All Weisshaus can muster is that the Port Authority refused to provide Johnson's home address upon his impending retirement. (*See* Mot. to Amend at 2–3). That is not an acceptable reason.

The Court has no basis to infer that Weisshaus was diligent in pursuing the addition of Johnson prior to the expiration of the Rule 16 deadline. Johnson could have been added to the case as early as February 2022. Instead of doing so then, Weisshaus waited until October, some eight months, and after discovery had closed, to add him as a party. This is the opposite of diligence.

Weisshaus does not "understandably account," *Jipeng Du*, 2019 WL 3767536, at *3, for the multi-month delay and has not shown diligence with respect to the addition of parties. *E.g.*, *Gullo*, 540 F. App'x at 47 ("The district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning the officers' names failed to demonstrate the diligence necessary to satisfy Rule 16."); *Klinkowitz v. Jamaica Hosp. Med. Ctr.*, No. 20-CV-4440, 2022 WL 818943, at *3 (E.D.N.Y. Mar. 17, 2022) (finding lack of diligence when, even with crediting plaintiff's preferred date, there was a two-and-a-half month delay in filing a motion to amend); *George & Co. LLC v. Spin Master Corp.*, No. 19-CV-4391, 2020 WL 3865098, at *4 (E.D.N.Y. July 7, 2020) (finding lack of diligence under Rule 16 where plaintiff

"missed the original deadline to amend by almost three months, and it offer[ed] no explanation for this delay").

The absence of prejudice "is not sufficient to establish good cause; the lack of diligence and failure to follow the Court's deadlines is sufficient to deny amendment." *Klinkowitz*, 2022 WL 818943, at *3; *see also Gullo*, 540 F. App'x at 47 ("We are not persuaded. That defendants suffered no prejudice does not change the fact that plaintiffs failed to pursue amendment with diligence. . . . [T]he absence of prejudice alone does not constitute good cause under Rule 16."). Unlike in some cases, here there is prejudice aplenty.

Weisshaus filed this motion on the eve of summary judgment practice. When Johnson was deposed, he was deposed in the capacity as a witness, not as a defendant. Sometimes, a witness is deposed and only afterwards is it apparent that the witness bears potential culpability. But here, months before he was deposed, the Port Authority disclosed that Johnson was the officer involved in the incident. Weisshaus proceeded to treat Johnson as a witness, not a potential co-defendant—by not naming him as a defendant or seeking an extension of time for the deadline to add parties—and as such, so did the Port Authority. The Port Authority may have made different strategic choices about how to defend the deposition (and indeed whether to represent him as a client) had he been a party defendant. Having made those strategic decisions, it prejudices the Port Authority to now defend the case with Johnson as a co-defendant, after fact discovery has been closed. *See, e.g.*, *Giordano v. Unified Jud. Sys. of Pa.*, No. 20-CV-277, 2022 WL 309436, at *2–*3 (E.D. Pa. Feb. 2, 2022) (denying leave to amend complaint to add defendant in individual capacity after discovery closed because he lacked "opportunity to take any depositions or delve further into discovery on matters

related to his own individual liability," and if timely named, he "may have utilized a different legal strategy, taken additional depositions, and/or . . . retained independent counsel"); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("Particularly disfavored are motions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery with additional costs . . . and a likely major alteration in trial tactics and strategy." (quotations omitted)).

Because the posture of the case will have changed, granting Weisshaus's motion necessarily requires that discovery be reopened. For example, Johnson as a party would be entitled to take depositions and seek documents, something which as a mere witness, he could not have done. This counsels strongly against finding good cause to excuse the failure to amend prior to the Rule 16 deadline. *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 366 (S.D.N.Y. 2020) ("[T]hese proposed new defendants are not before the Court and reopening the case to add them would certainly risk a re-do of the entire discovery process[.]") (collecting cases); *Weaver v. Warrington*, No. 14-CV-7097, 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018) ("[The motion to amend], if granted, would cause not a simple delay in the schedule but a reopening of discovery. That is one reason why, not surprisingly, courts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery.") (collecting cases).

There is additional prejudice to Johnson. The proposed Amended Complaint seeks to add Johnson after the statute of limitations period expired (by several months). The belated amendment would add the specter of personal liability upon Johnson when

there was none previously, and indeed had been extinguished.[5] That is additional prejudice that warrants denial of the motion. *E.g.*, *Lin v. Joedy*, 214 F. Supp. 3d 207, 217 (W.D.N.Y. 2016) (denying in excessive force action, addition of new party Deputy Vincent Re, after expiration of statute of limitations and after deposition, noting late addition "would prejudice [him] by forcing him to defend a suit well after discovery has closed, and almost seven years after the underlying events occurred").

Since the proposed addition of Johnson as a defendant does not survive Rule 16 scrutiny, the Court need not analyze the motion to amend—as it pertains to Johnson—under Rules 15 and 21. *Parker*, 204 F.3d at 340 ("[Rule 16's] standards may not be short-circuited by an appeal to those of Rule 15." (citation omitted)).

* * * *

The proposed Amended Complaint also contains additional factual allegations. (Proposed Am. Compl. ¶¶ 10, 15, 26, 28–31, 35–64). The Port Authority does not address these new allegations or oppose the amendment to add these paragraphs. Though most of the new facts appear under a "Second Claim for Relief"—suggesting the addition of a new cause of action—they do not propose any additional claim against the Port Authority. The new paragraphs clarify Plaintiff's monetary damages, (*e.g.*, *id.*

---

[5] Weisshaus's failure to exercise diligence would also doom any attempt to have a pleading against Johnson relate back to the filing of the original Complaint. Though Section 1024 of the New York Civil Practice Law and Rules ("CPLR") permits relation-back of amendments when officer identity in Section 1983 suits is unknown, *see Hogan v. Fischer*, 738 F.3d 509, 518–19 (2d Cir. 2013), the provision requires a plaintiff to exercise diligence. And Section 1024's "'due diligence' requirement is not forgiving. The onus of identifying an officer defendant's name, or at least making a good faith effort, lies on the plaintiff." *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017); *e.g.*, *Zhang v. City of New York*, No. 17-CV-5415, 2022 WL 17844361, at *4 (S.D.N.Y. Dec. 22, 2022) (holding plaintiff failed to demonstrate due diligence to obtain benefit of relation back where motion to amend was unreasonably delayed and after Rule 16 deadline).

¶¶ 26, 28–30), and expand upon the various alleged policies and practices implemented by the Port Authority contributing to the violation of his constitutional rights. (*E.g.*, *id.* ¶ 38 ("The systemwide practice in the New Jersey Municipal Court is setup by design to dissuade a defendant from challenging traffic citations, hinder the pleading of defenses, and trick the settling of citations."); *id.* ¶¶ 43, 54). Thus, the new factual allegations only attempt to bolster Weisshaus's existing *Monell* claim. And the allegations appear to be from extant discovery, not in anticipation of additional discovery. As such, there is no apparent prejudice to the Port Authority—and indeed they did not object—from adding paragraphs that provide additional color on existing claims. Amendment to add these paragraphs is granted. *E.g.*, *Corbett v. GC Servs. Ltd. P'ship*, No. 05-CV-7680, 2006 WL 1652695, at *1 (S.D.N.Y. June 14, 2006) (granting unopposed motion to amend to "to clarify the relief [plaintiff sought] and the statutory provisions for this relief"); *Silverman v. City of New York*, No. 98-CV-6277, 2001 WL 1776157, at *2 n.1 (E.D.N.Y. Nov. 19, 2001) (granting in part motion to amend to add section 1983 claim where this portion of the motion was unopposed since defendants did not argue that they would be prejudiced by the amendment).

Finally, Weisshaus seeks to interpose a jury demand for the first time. Again, the Port Authority does not oppose—or address—this new demand. Rule 38 provides that jury demands may be served "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). "[I]f the only pleadings in the case are the complaint and the answer, the jury trial demand must be served no later than 14 days after service of the answer." *Soley v. Cnty. of Nassau*, No. 18-CV-377, 2021 WL 1554834, at *7 (E.D.N.Y. Apr. 20, 2021) (alteration in original) (citing 9 Wright & Miller et al., *supra*, § 2320). The Port Authority has not answered the Complaint, and as such,

the time to assert a jury demand has not elapsed. *E.g.*, *Bennett v. Dawes*, No. 9:17-CV-150, 2017 WL 2399014, at *2 (N.D.N.Y. June 2, 2017) ("Because defendant has not answered the amended complaint, the fourteen days set forth in Fed. R. Civ. P. 38(b) have not started to run."). This portion of the motion is granted.

CONCLUSION

For the reasons stated above, the motion to amend is granted in part and denied in part. Plaintiff shall file his Amended Complaint—limited only to the new factual allegations supporting his *Monell* claim and the jury demand—as a separate docket entry by May 30, 2023. The Port Authority should file a timely answer to the Amended Complaint, and then the parties will proceed immediately to summary judgment practice. The last date to take the first step for such motion practice is extended to June 22, 2023.

SO ORDERED.

/s/ *Sanket J. Bulsara* May 23, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York